### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LISA PHANEUF, on behalf of herself and others similarly situated, | : : : | CASE NO. |
| Plaintiff, | : : | |
| v. | : : | **COMPLAINT – CLASS ACTION** |
| THE PROCTER & GAMBLE COMPANY. | : : : | |
| Defendant. | : : : | |

---

**DAMAGES REQUESTED**

**DEMAND FOR A JURY TRIAL**

Plaintiff, Lisa Phaneuf ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Defendant, The Procter & Gamble Company ("Defendant") based on personal knowledge, investigation of counsel, and on information and belief as to all other matters.

### NATURE OF ACTION

1.      This is a putative class action lawsuit on behalf of purchasers of Secret Invisible Solid Antiperspirant and Deodorant (the "Product"):



2.	Defendant manufactures, markets, and sells the Products in thousands of stores throughout the United States, including the state of Massachusetts.

3.	Defendant specializes in developing, marketing, and selling personal care products to consumers. In 2025 Defendant had $84.3 billion in net sales across its product lines. Personal care products (which include antiperspirants and deodorants like the Product) made up 6% (or ~ $ 910 million) of Defendant's net sales in 2025. Moreover, Defendant holds the number two market share position for personal care products sold under its Old Spice, Safeguard, and Secret brands.

4.	Defendant prominently advertises, markets, and sells the Products as antiperspirant/deodorant that is "unscented" (the "Unscented Representation"). The Unscented Representation promises that the Products do not contain fragrance ingredients:



5.	Defendant intentionally misleads consumers into believing that the Products do not contain fragrance ingredients. It does this because consumers desire products without fragrance ingredients can cause skin irritation and allergic reactions. As a result, consumers are seeking out products without fragrance ingredients.

6.      However, unbeknownst to consumers, the Products do contain fragrance and are therefore not "unscented."

7.      As such, Defendant has engaged in widespread false and deceptive conduct by designing, marketing, manufacturing, distributing, and selling the Products with the Unscented Representation. Every package of the Products misleads consumers into believing the Products do not contain fragrance.

8.      Plaintiff and Class members purchased the Product, which are designed, marketed, manufactured, distributed, and sold by Defendant. Further, Plaintiff and Class members relied to their detriment on Defendant's Unscented Representation, when the Products do contain fragrance and therefore are not unscented. Plaintiff and Class members would not have purchased the Products – or would not have paid as much as they did to purchase them – had they known the Unscented Representation was false. Plaintiff and Class Members thus suffered monetary damages as result of Defendant's deceptive and false representation.

9.      Plaintiff brings this action individually, and on behalf of similarly situated individuals who purchased the falsely and deceptively labeled Products for fraud and unjust enrichment.

**PARTIES**

10.     Plaintiff Lisa Phaneuf is a citizen and resident of, Massachusetts, who has an intent to remain there, and is therefore a domiciliary of Massachusetts. In Fall of 2025 Plaintiff purchased Secret Original Unscented Deodorant from a Walmart retail store. Prior to her purchase of the Product, Plaintiff reviewed the product's labeling and packaging and saw that her Product was labeled and marketed as being "unscented." Based on the Unscented Representation, Plaintiff believed she was purchasing a product that did not contain fragrance ingredients. Plaintiff relied

on Defendant's Unscented Representation in deciding to purchase her Product. Accordingly, the Unscented Representation was part of the basis of the bargain, in that she would not have purchased her Product on the same terms had she known the Unscented Representation was not true. In making her purchase, Plaintiff paid a price premium for a product that was unscented.

11.     Defendant The Procter and Gamble Company is an Ohio corporation with its principal place of business in Cincinnati, Ohio. Defendant formulates, manufactures, labels, markets, distributes, and sells the Products nationwide under its in-house brand, Secret. Defendant has maintained substantial distribution and sales in this District.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is citizen of a state different from Defendants.

13.     This Court has specific jurisdiction over Defendant because it conducts substantial business within Massachusetts, including the sale, marketing, and advertising of the Product. Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this State, including Plaintiff's purchase.

14.     Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events, omissions, and acts giving rise to claims herein occurred in this District, including Plaintiff's purchase.

5

**FACTUAL ALLEGATIONS**

**I.      Unscented Products**

15.     Consumers are increasingly seeking out "unscented" or "fragrance-free" formulations for personal care products because of increasing consumer awareness of skin and allergen sensitivities.

16.     Unscented products appeal to consumers because fragrance ingredients often irritate the skin resulting in redness, rashes, and itchiness. Further, consumers also desire fragrance-free products because they prefer products with minimal additives.

17.     As a result, consumers are seeking out unscented products because they believe they will be free of fragrance and therefore will contain fewer ingredients and less potential irritants.

18.     In response to this demand, personal care companies – including Defendant – are increasingly introducing unscented product lines to meet consumer demand for minimalist, gentle, non-irritating personal care.

**II.    Defendant's "Unscented" Representation is False and Misleading**

19.    Defendant falsely and misleadingly represents that the Products are "unscented":



20.    However, the Products contain fragrance, and therefore the Products are not in fact "unscented":



21. Accordingly, because the Products contain fragrance, the Unscented Representation is false and misleading.

22. Defendant's conduct thus deceived and/or was likely to deceive the public.

23. Plaintiff and Class members were deceived into believing the Products are "unscented", when in fact they contain fragrance.

24. Plaintiff and Class members would not know the true nature of the Products by looking at the front labels of the Products. There is nothing on the front labels (like an asterisk) disclaiming or modifying the Unscented Representation. The Unscented Representation is not ambiguous or vague to reasonable consumers such that they would reasonably think or be expected to investigate the Unscented Representation further before purchasing the products.

25. Moreover, the ingredients list does not preclude consumer deception. As one court has noted, "a company can't say something misleading on the front of a label and escape liability by stating 'that's not actually what we mean' in fine print on the back." *Locklin v. StriVectin Operating Co., Inc.*, 2022 WL 867248, at *3 (N.D. Cal. Mar. 23, 2022); *Cristostomo v. New Balance Athletics, Inc.*, 647 F. Supp. 3d 1, 8 (D. Mass. 2022) ("Because of the prominent unqualified assertions of 'Made in the USA' on the physical shoes and on the website, a reasonable consumer could see the 'Made in the USA' statement and not understand it to be qualified by a disclaimer elsewhere on the product.").

26. Plaintiff and Class members purchased the Products in reliance on the Unscented Representation, reasonably believing the Products were unscented and did not contain fragrance ingredients.

27. Plaintiff's and Class members' reasonable belief that the Products were unscented was a significant factor in their decisions to purchase the Product.

7

28.     Plaintiff and Class members did not know, and had no reason to know, that the Products contained fragrance ingredients because of how the Products are deceptively labeled and advertised to create the impression the Products are unscented. Nothing on the front packaging of the Products indicates that the Products contain fragrance ingredients.

29.     Defendant knew that Plaintiff and Class members would rely on the Unscented Representation and would therefore reasonably believe the Products did not contain fragrance ingredients.

30.     Because the Products contain fragrance contrary to the Unscented Representation, Defendant's uniform practice regarding the marketing and sale of the Products was and continues to be misleading and deceptive.

31.     Each Class member has been exposed to the same or substantially similar deceptive practices, as the Products uniformly contains fragrance.

32.     Consumers are willing to pay a price premium for unscented personal care products. They are also induced to make purchases that they otherwise would not have, but for the belief that the Products did not contain fragrance ingredients. Plaintiff and Class members would not have purchased the Products had they known the Products contained fragrance ingredients. Further, Plaintiff and Class members paid a price premium for the Products because of the Unscented Representation. Therefore, Plaintiff and Class members suffered an injury in fact and lost money as a result of Defendant's false and misleading Unscented Representation.

## CLASS ALLEGATIONS

33.     **Class Definition**. Plaintiff seeks to represent a class defined as all persons in the United States who purchased Products with the Unscented Representation within the applicable statute of limitations (the "Class"). Excluded from the Class are governmental entities, Defendant,

Defendant's affiliates, parents, subsidiaries, employees, officers, directors, and co-conspirators, and anyone who purchased the Products for resale. Also excluded is any judicial officer presiding over this matter and the members of their immediate families and judicial staff.

34. **Subclass Definitions**.

a. **Massachusetts Subclass.** Plaintiff also seeks to represent a subclass consisting of Class members who purchased Products with the Unscented Representation in Massachusetts within the applicable statute of limitations.

35. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class and Subclasses may be expanded or narrowed by amendment or amended complaint.

36. **Numerosity.** The members of the Class and Subclasses are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimates that there are thousands of members in the Class and Subclasses. Although the precise number of Class members is unknown to Plaintiff, the true number of Class members is known by Defendant and may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

37. **Existence and Predominance of Common Questions of Law and Fact**. Common questions of law and fact exist as to all members of the Class and Subclasses and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to:

a.    whether Defendant's labeling, marketing, and promotion of the Products is false and misleading;

b.    whether Defendant's conduct was unfair and/or deceptive; and

c.    whether Plaintiff and the Classes have sustained damages with respect to the claims asserted, and if so, the proper measure of their damages.

38.    **Typicality**. The claims of the named Plaintiff are typical of the claims of other members of the Class in that the named Plaintiff was exposed to Defendant's false and misleading marketing, purchased the Products, and suffered a loss as a result of that purchase.

39.    **Adequacy of Representation**. Plaintiff is an adequate representative of the Class and Subclasses because their interests do not conflict with the interests of the Class members they seek to represent, they have retained competent counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class and Subclass. Furthermore, Plaintiff has no interests that are antagonistic to those of the Class or Subclass.

40.    **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class and Subclass members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant. It would, thus, be virtually impossible for the Class or Subclass on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if Class or Subclass members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the

issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

## CAUSES OF ACTION

### COUNT I
**Fraud**
**(On Behalf of the Class and Massachusetts Subclass)**

41.    Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

42.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Massachusetts Subclass against Defendant.

43.    As discussed above, Defendant provided Plaintiff and Class and Subclass members with false or misleading material information about the Products, including but not limited to the fact that the Products were "unscented."

44.    These misrepresentation was made with knowledge of its falsehood.

45.    The misrepresentation was by Defendant, upon which Plaintiff and Class and Subclass members reasonably and justifiably relied, were intended to induce, and actually induced Plaintiff and Class and Subclass members to purchase the Products.

46.    The fraudulent actions of Defendant caused damage to Plaintiff and Class and Subclass members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT II
### Unjust Enrichment
### (On Behalf of the Class and Massachusetts Subclasses)

47.     Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

48.     Plaintiff brings this claim individually and on behalf of the members of the Class and Massachusetts Subclass against Defendant.

49.     Plaintiff and members of the Class and Subclass conferred a benefit in the form of monies paid on Defendant by purchasing the Products.

50.     Defendant voluntarily accepted and retained this benefit.

51.     Because this benefit was obtained unlawfully, namely by selling and accepting compensation for the deceptively marketed Products, it would be unjust and inequitable for Defendant to retain it without paying the value thereof.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed class, prays for the following relief:

A.     Certification of the proposed classes;

B.     Appointment of Plaintiff as representative of the classes;

C.     Appointment of undersigned counsel as counsel for the classes;

D.     For an order finding in favor of Plaintiff and class members on all counts asserted herein;

E.     For actual, compensatory, statutory, nominal, and/or punitive damages in amounts to be determined by the Court and/or jury;

F.     For prejudgment interest on all amounts awarded;

G.     For an order of restitution and all other forms of equitable monetary relief;

12

H.      For an order awarding Plaintiff and class members their reasonable attorney fees, expenses, and costs of suit.

I.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: May 18, 2026                    Respectfully  submitted,

*/s/ Joel D. Smith*
Joel D. Smith (BBO 712418)
SMITH KRIVOSHEY, PC
867 Boylston Street 5th Floor #1520
Boston, MA 02116
Telephone: 617-377-4704
Facsimile: (888) 410-0415
E-Mail: joel@skclassactions.com

Yeremey O. Krivoshey (SBN 295032)
Brittany S. Scott (SBN 327132)
(*pro hac vice* motions forthcoming)
SMITH KRIVOSHEY, PC
28 Geary Street Suite 650 #1507
San Francisco, CA 94108
Telephone: 415-839-7077
Facsimile: (888) 410-0415
E-Mail: yeremey@skclassactions.com
          brittany@skclassactions.com

*Attorneys for Plaintiff*
*and the Proposed Classes*